Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| AMÉRICO MARTÍNEZ ROMERO<br><br>Apelante<br><br>v.<br><br>AIDA LUZ CHICO PEÑA<br><br>Apelado | KLAN202400205 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Lares<br><br>Caso Núm.: LR2023CV00275<br><br>Sobre: Cobro de Honorarios de Abogado |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 11 de abril de 2024.

Comparece ante nos, por derecho propio, el Lcdo. Américo Martínez Romero ("Lcdo. Martínez Romero" o "Apelante") mediante *Escrito de Apelación* presentado el 4 de marzo de 2024. Nos solicita que revoquemos la *Sentencia* emitida y notificada el 1 de febrero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Lares ("foro primario" o "foro *a quo*"). Por virtud de esta, el foro primario desestimó con perjuicio la reclamación de honorarios de abogado incoada por el Apelante.

Por los fundamentos expuestos a continuación, **CONFIRMAMOS** la *Sentencia* apelada.

## I.

Según surge del expediente, el **18 de septiembre de 2023,** el Apelante instó una *Demanda[1]* sobre cobro de honorarios de abogado en contra de la señora Aida Luz Chico Peña ("Sra. Chico Peña" o

---

[1] Apéndice Apelación, págs. 11-12.

Número Identificador

SEN(RES)2024_____

"Apelada"). En esta, arguyó que, allá para el año 2002, la Apelada contrató sus servicios legales para que éste la representara en un caso de sucesiones. Alegó, además, que acordaron que los honorarios fueran contingentes, a razón de un diez por ciento (10%) del valor del interés propietario hereditario que la Apelada obtuviera en la reclamación. Consta en la demanda que la Apelante obtuvo mediante sentencia a su favor una propiedad ubicada en el municipio de Lares, la cual estaba valorada en aproximadamente $50,000.00. Ante el incumplimiento del pago de los honorarios de abogados alegadamente acordados, el Apelante solicitó que el foro primario ordenara a la Apelada a pagar la suma de $5,000.00, cantidad que pudiera ascender cuando se tasara la propiedad objeto del litigio hereditario. A su vez, solicitó las costas, gastos, penalidades y honorarios de abogado.

En respuesta, el 6 de noviembre de 2023, la Apelada presentó un escrito intitulado *Solicitud de Desestimación al Amparo de la Regla 10.2 (5) de Procedimiento Civil.* En este, arguyó que procedía la desestimación de la reclamación, toda vez que no surgía de las alegaciones cuando comenzó a cursar el término prescriptivo para reclamar el cobro de los honorarios. Asimismo, señaló que en la demanda no se alegó efectivamente que la deuda era líquida, vencida y exigible.

Así las cosas, el 27 de noviembre de 2023, el Apelante presentó varios escritos, entre ellos una *Moción Solicitando se Autorice Enmendar la Demanda* y *Primera Demanda Enmendada.* En cuanto a la *Primera Demanda Enmendada,* el Apelante alegó en esta ocasión que en o alrededor de agosto de 2014 la Apelada contrató verbalmente sus servicios legales para que la representara una reclamación sobre herencia que había sido radicada ante el foro primario. Sostuvo que la Apelada obtuvo una sentencia a su favor el **7 de noviembre de 2017** y no fue hasta el 11 de junio de 2019 que

se efectuó el acuerdo privado sobre la finca adjudicada a la Apelada, valorada en $2,000,000.00 o precio de tasación. Al no haberse efectuado el pago de los honorarios, el **31 de mayo de 2018,** incoó una demanda, la cual se desestimó sin perjuicio mediante *Sentencia* dictada el **23 de septiembre de 2019**. Señaló que desde mayo de 2019 sufrió varias situaciones físicas de salud provocaron una profunda crisis emocional y lo incapacitaron, lo cual le impidió presentar nuevamente la reclamación de cobro de honorarios. Sostuvo, además, que cualquier término prescriptivo se encontraba interrumpido por motivo de su incapacidad. A su vez, el Apelante presentó *Oposición a Moción de Desestimación.*

Con el fin de atender las mociones presentadas por las partes, el 28 de noviembre de 2023, notificada al día siguiente, el foro primario emitió *Resolución y Orden* en la que autorizó la enmienda a la demanda y concedió a la Apelada término para presentar su alegación responsiva fundamentada en las alegaciones de la *Primera Demanda Enmendada.*

Como corolario de ello, la Apelante presentó *Solicitud de Desestimación "Primera Demanda Enmendada" al Amparo de la Regla 10.2 (5) de Procedimiento Civil.* En la misma, esbozó que la causa de acción de cobro de honorarios se encontraba prescrita por el transcurso del término de tres (3) años dispuesto en el Artículo 1867 del derogado Código Civil de Puerto Rico de 1930, 31 LPRA ant. sec. 5297. Expuso que de la demanda no surgen alegaciones que tiendan a demostrar que el Apelante interrumpió el término prescriptivo luego de emitida la Sentencia el 23 de septiembre de 2019. Añadió que los padecimientos físicos y emocionales del Apelante no es una justificación establecida en Ley para suspender los términos prescriptivos.

Oportunamente, la Apelante se opuso mediante escrito intitulado *Oposición a Segunda Moción de Desestimación.* Por virtud

de este, argumentó que, conforme dispone el Artículo 1814 del Código Civil de 2020, 31 LPRA sec. 11719, el término prescriptivo aplicable a la reclamación era de cuarto (4) años. Señaló que, a partir del 23 de septiembre de 2019, comenzó a cursar un nuevo término para instar la reclamación nuevamente, el cual ejerció oportunamente. Añadió que el término quedó suspendido o interrumpido por su incapacidad.

Luego de ciertos trámites procesales que no son necesarios pormenorizar, el 1 de febrero de 2024, el foro *a quo* emitió y notificó la *Sentencia* apelada, en la cual desestimó con perjuicio la causa de acción de cobro de honorarios de abogado, al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Resolvió que el término prescriptivo aplicable para la reclamación de autos era de tres (3) años, según establecido en el Artículo 1867 del Código Civil de 1930, *supra.* Fundamentó que, de conformidad con Artículo 1814 del Código Civil de 2020, *supra,* cualquier término que estuviera transcurriendo al momento de que entrara el vigor el Código Civil de 2020, se aplicarían los términos del Código anterior. Concluyó que en este caso el nuevo término prescriptivo comenzó a cursar el 23 de septiembre de 2019, antes de la aprobación del Código Civil de 2020, por lo que el Apelante contaba con tres (3) años para instar la reclamación. A su vez, determinó que las disposiciones del Artículo 40 del Código de Enjuiciamiento Civil, 32 LPRA sec. 254, no le aplicaban al Apelante y su demanda instada el 18 de septiembre de 2023 estaba prescrita.

Inconforme con el dictamen, el 4 de marzo de 2024, el Apelante acudió ante esta Curia mediante *Escrito de Apelación*, en el que le imputó al foro primario la comisión del siguiente señalamiento de error:

> Erró el TPI al determinar que el término prescriptivo no se interrumpió.

Así las cosas, el 6 de marzo de 2024, la Apelada presentó *Oposición a Apelación*. Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración

**II.**
### A. Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1065 (2020) citando a *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001). La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable.

Al evaluar una solicitud desestimatoria, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008). Cabe destacar que, "no procede la desestimación a menos que se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación". *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012).

Ante una moción de desestimación, "resulta evidente interpretar las alegaciones conjunta y liberalmente a favor del promovido". *Torres, Torres v. Torres Serrano*, 179 DPR 481, 502 (2010); *Sánchez v. Aut. de Los Puertos*, 153 DPR 559, 570 (2001). El tribunal debe examinar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón v. Lotería*, 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

### B. Prescripción de la acción de cobro de honorarios de abogado y la suspensión de los términos

La prescripción de las acciones es un asunto de derecho sustantivo, no procesal, que persigue *"evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos." García Pérez v. Corp. Serv. Mujer,* 174 DPR 138, 147 (2008). Véase, además, *SLG Haedo-López v. SLG Roldán-Rodríguez,* 203 DPR 324, 336 (2019). El Artículo 1189 del Código Civil de 2020, 31 LPRA sec. 9481, dispone que "[l]a prescripción es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo". A su vez, el aludido artículo añade que "[l]as acciones prescriben por el mero lapso del tiempo fijado por ley". *Íd.* Sobre ello, nuestro Tribunal Supremo ha establecido que, **en ausencia de un acto interruptor, el titular de una causa de acción pierde su derecho a instarla si no la ejerce en el plazo que establece la Ley.** *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1067 (2020).

La prescripción extintiva promueve que las personas ejerzan sus causas de acción con diligencia, lo que fomenta la estabilidad en las relaciones y el tráfico jurídico. *SLG Haedo-López v. SLG Roldán-Rodríguez, supra*, pág. 336.

> Al fijar un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de

incertidumbre jurídica y se evita que las personas estén sujetas de forma indefinida a la contingencia de una reclamación. **De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba.** (Énfasis nuestro). *Conde Cruz v. Resto Rodríguez, supra.*

Con la aprobación del nuevo Código Civil de Puerto Rico, se codificaron varias disposiciones relacionadas a la prescripción de las reclamaciones en los Artículos 1203 y 1204 del Código Civil de 2020, 31 LPRA secs. 9495 y 9496. En particular, el Artículo 1203 del Código Civil de 2020, *supra*, dispone lo siguiente:

Las acciones personales de todo tipo prescriben a los cuatro (4) años, salvo cuando la ley fija un plazo distinto.

Dado que en el presente caso los hechos y los términos prescriptivos comenzaron a cursar antes de la aprobación del nuevo Código Civil, pero la causa de acción se ejercitó luego de la aprobación y vigencia de este, es menester evaluar las cláusulas transitorias dispuestas en el Código Civil de 2020.

En cuanto a la prescripción de las reclamaciones, el Artículo 1814 del Código Civil de 2020, 31 LPRA sec. 11719, dispone lo siguiente:

Los términos prescriptivos, de caducidad o de usucapión **que estén transcurriendo en el momento en que este Código entre en vigor, tienen la duración dispuesta en la legislación anterior;** pero si el término queda interrumpido después de la entrada en vigor de este Código, su duración será la determinada en este. (Énfasis nuestro).

Por tanto, es preciso justipreciar lo dispuesto sobre las reclamaciones relacionadas al pago de honorarios de abogado, en el inciso (1) del Artículo 1867 del derogado Código Civil de Puerto Rico de 1930.[2] Este dispone lo siguiente:

**Por el transcurso de tres (3) años prescriben las acciones para el cumplimiento de las obligaciones siguientes:**

---

[2] Se hace referencia al Código Civil de 1930 derogado por haberse suscitado los hechos que aquí se cuestionan durante la vigencia de dicho Código.

(1) **La de pagar** a los jueces, **abogados**, registradores, notarios, peritos, agentes y curiales, sus honorarios y derechos, y los gastos y desembolsos que hubiesen realizado en el desempeño de sus cargos u oficios en los asuntos a que las obligaciones se refieran.

[…].

El tiempo para la prescripción de las acciones a que se refieren los tres párrafos anteriores **se contará desde que dejaron de prestarse los respectivos servicios."** (Énfasis suplido).

### C. Interrupción de los términos prescriptivos y el Artículo 40 del Código de Enjuiciamiento Civil

En nuestro ordenamiento se ha reconocido que, a diferencia de la caducidad, la prescripción sí permite interrupción. Existen tres (3) maneras de interrumpir la prescripción, a saber: (1) la presentación de la acción judicial correspondiente, (2) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor, o (3) el reconocimiento de la obligación por parte del deudor. **Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo.** (Énfasis nuestro). Art. 1197 del Código Civil de 2020, 31 LPRA sec. 9489. Véase, además, *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp., y otros*, 213 DPR ___ (2024); 2024 TSPR 10, resuelto el 7 de febrero de 2024; *Nevárez Agosto v. United Surety et al.*, 209 DPR 346, 356 (2022). "La prescripción opera en perjuicio de las personas naturales y jurídicas, en los términos previstos por la ley". Art. 1195 del Código Civil de 2020, 31 LPRA sec. 9487. No obstante, "[**l]a prescripción no tiene lugar contra las personas que no pueden contratar o accionarse entre sí**". (Énfasis nuestro). Art. 1196 del Código Civil de 2020, 31 LPRA sec. 9488. Esta disposición "tiene la intención de eximir a los menores e incapacitados del efecto adverso de la prescripción de las acciones que tienen a su favor". M. Garay Aubán (Compilador), *Código Civil, Obligaciones y Contratos*, 2da ed. corregida y ampliada, Ediciones SITUM, 2021, Tomo 4, pág. 151.

Sobre lo anterior, el Artículo 40 del Código de Enjuiciamiento Civil, *supra,* establece lo siguiente:

> Si la persona con derecho a ejercitar una acción, que no sea la reivindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de acción:
>
> 1) menor de edad; o
>
> 2) demente; o
>
> 3) encarcelada por acusación criminal, o cumpliendo sentencia por convicción en causa criminal por un término menor que el de su vida natural, o
>
> 4) una mujer casada siendo su esposo parte necesaria con ella para principiar tal acción,
>
> El tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción. 32 LPRA sec. 254.

El propósito de la excepción contenida en el citado Artículo 40, *supra,* es proteger los intereses de los incapaces hasta el momento en que adquieren la capacidad jurídica necesaria para hacer valer sus derechos. *Márquez v. Tribunal Superior,* 85 DPR 559 (1962). Aun cuando nuestro Máximo Foro ha reconocido que las personas no deben estar sujetas indefinidamente a ser demandadas, cuando ambos principios chocan, debe prevalecer la norma que tiende a proteger los intereses de los incapacitados. *Íd.*

**III.**

En el presente caso, la parte Apelante nos alega que erró el foro primario al desestimar con perjuicio la reclamación por prescripción, toda vez que el término fue interrumpido judicial y extrajudicialmente. En particular, señala que le aplica el término prescriptivo de cuatro (4) años, por virtud de lo dispuesto en el Art. 1814 del Código Civil de 2020, *supra,* pues hasta principios de este año ha estado incapacitado, producto de una crisis emocional profunda desarrollada por condiciones físicas. Añade que el foro primario debía tomar por ciertas las alegaciones contenidas en la demanda y no podía determinar que su incapacidad era una mera "convalecencia", sin haber realizado una vista evidenciaria.

Por su parte, la Apelada argumentó que la demanda estaba prescrita, puesto que se presentó transcurrido los tres (3) años dispuestos en el Art. 1867 del Código Civil de 1930, *supra*. Señala que en el transcurso del término prescriptivo se aprobó el Código Civil de 2020, cuyo Art. 1814 dispone que en este caso aplica el término prescriptivo del derogado Código Civil de 1930. Sostiene que las alegaciones sobre los padecimientos físicos del Apelante no están contempladas entre las circunstancias codificadas en el Art. 40 del Código de Enjuiciamiento Civil, *supra*. En vista de que la demanda se presentó el 18 de septiembre de 2023 (3 años, 11 meses y 26 días del inicio del término), la misma esta irremediablemente prescrita.

En el presente recurso nos corresponde determinar cuál es el término prescriptivo aplicable para la reclamación sobre cobro de honorarios de abogado instada por la parte Apelante y si efecto, se interrumpió el término prescriptivo, como este alega. Veamos.

Según surge del expediente, las partes de epígrafe efectuaron un contrato verbal en los que acordaron que el Apelante representaría legalmente a la Apelada en un caso de herencia que ya había iniciado en los tribunales. Mediante *Sentencia* dictada el 7 de noviembre de 2017, la Apelada obtuvo una sentencia a su favor en el pleito sobre herencia. Es a partir de esta fecha, **7 de noviembre de 2017**, que nació la causa de acción sobre cobro de horarios de abogado del Apelante. Oportunamente, el **31 de mayo de 2018,** el Apelante instó su primera reclamación sobre cobro de honorarios contra la parte Apelada. Luego varios tramites en el litigio, el **23 de septiembre de 2019,** el foro primario dictó *Sentencia* en la que desestimó sin perjuicio la reclamación, bajo el fundamento de que no se había presentado prueba sobre el valor de la propiedad. Posteriormente, el **18 de septiembre de 2023**, el Apelante insto su segunda reclamación sobre cobro de honorarios. Estos hechos no han sido controvertidos por la parte Apelada.

En vista del recuento procesal antes reseñado, no nos alberga duda que, mediante la presentación de la primera demanda ante el foro primario sobre cobro de honorarios de abogado, el Apelante interrumpió el término prescriptivo. "[L]a interrupción a través del ejercicio ante los tribunales tiene el resultado de interrumpir y congelar el término prescriptivo si la acción se presentó oportuna y eficazmente de manera que el nuevo término iniciará cuando culmine efectivamente el proceso judicial". *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp., y otros, supra.* "[E]l momento crucial en el cual ocurre la reactivación y transcurso del término prescriptivo es cuando termina definitivamente el reclamo ejercido originalmente". *Íd.* Como sucedió en el caso de autos, dicha reclamación fue desestimada sin perjuicio mediante *Sentencia* dictada el 23 de septiembre de 2019. **Es a partir de esta fecha, 23 de septiembre de 2019, que comenzó a cursar un nuevo término para ejercitar efectivamente la reclamación de honorarios de abogado.**

Ahora bien, la controversia de autos versa, en primer lugar, sobre cuál es el término aplicable para la causa de acción. El Apelante nos alega que aplican los cuatro (4) años del Art. 1203 del Código Civil de 2020, *supra,* según establece el texto del Art. 1814 del Código Civil de 2020, *supra.* Por el contrario, la parte Apelada sostiene que, de conformidad con el precitado Art. 1814, aplica el término de tres (3) del Art. 1867 del derogado Código Civil de 1930, *supra.* Veamos.

Como hemos establecido, los hechos que originaron la presente controversia surgieron antes de la aprobación y vigencia del Código Civil de 2020. No obstante, el nuevo término prescriptivo que ostentaba el Apelante para instar nuevamente su reclamación nació antes de que se derogara el Código Civil de 1930, pero en el transcurso de dicho término se aprobó el nuevo Código de 2020.

Siendo así, nos corresponde evaluar las cláusulas transitorias dispuestas en el nuevo Código.

En particular a los hechos que hoy nos ocupan, el Art. 1814 del Código Civil de 2020, *supra,* dispone lo siguiente:

> Los términos prescriptivos, de caducidad o de usucapión **que estén transcurriendo en el momento en que este Código entre en vigor, tienen la duración dispuesta en la legislación anterior;** pero si el término queda interrumpido después de la entrada en vigor de este Código, su duración será la determinada en este. (Énfasis nuestro).

El Código Civil de 2020 se aprobó el 1 de junio de 2020 y entró en vigor ciento ochenta (180) días después de su aprobación, esto es, el 28 de noviembre de 2020. Véase Art. 1820 del Código Civil de 2020. A la fecha en que entró en vigor este Código, ya había nacido y estaba transcurriendo el término prescriptivo de la reclamación de honorarios a la que tenía derecho el Apelante. Por tanto, es forzoso concluir que, basado en el precitado Art. 1814 del Código Civil de 2020, *supra,* el término prescriptivo aplicable es el dispuesto en el derogado Código Civil de 1930, *supra.* Dicho cuerpo legal establece, en su Art. 1867, *supra,* que prescriben a los **tres (3) años** las acciones para el cumplimiento de las obligaciones de pagar a los abogados sus honorarios.

En este caso, el Apelante contaba con tres (3) años, a partir del 23 de septiembre de 2019, para vindicar sus reclamos. Es evidente que, al **18 de septiembre de 2023**, fecha en que se radicó la segunda demanda de cobro, la reclamación estaba prescrita. No obstante, el Apelante alega que sus padecimientos físicos, lo llevaron a una profunda crisis emocional, que interrumpió y/o congeló el término para reclamar. En su *Primera Demanda Enmendada*, el Apelante alegó lo siguiente:

> 8. Es de vital importancia indicar que la razón por la cual el demandante se vio obligado a no hacer gestiones en dicho caso, y posterior al caso, fue que desde aproximadamente mayo de 2019 el demandante se encuentra incapacitado debido a una profunda crisis

emocional desarrollada a consecuencia de padecimientos físic[o]s de seriedad sufridos por el demandante. En mayo de 2019, el demandante sufrió un paro renal y recibió diálisis hasta febrero de 2022, cuando le hacen el trasplante de riñón. Luego, en octubre de 2019 al demandante le descubren un tumor canceroso en la espina dorsal, por el cual fue intervenido quirúrgicamente. Dicho tumor que producía intensos dolores. Las condiciones incapacitaron al demandante emocional y físicamente y, aunque ahora se siente mejor desde principios de este ano [2023], el demandante todavía no se encuentra completamente restablecido.

9. Debido a lo anterior, cualquier termino prescriptivo se encuentra interrumpido por motivo de incapacidad del demandante.

De un examen a las alegaciones antes citadas, tomando como ciertos los hechos contenidos en la misma y analizados de manera conjunta y liberal a favor del Apelante, según el estándar de la Regla 10.2 de Procedimiento Civil, *supra,* resolvemos que no le asiste la razón al Apelante. Coincidimos con el foro primario en que el Art. 40 del Código de Enjuiciamiento Civil, *supra,* no contempla este escenario para fines de interrupción de la prescripción. Aunque somos conscientes de que las alegaciones del Apelante sobre su condición física pudieran dar lugar a una severa crisis emocional, estas no caen en los escenarios protegidos por este Art. 40 del Código de Enjuiciamiento Civil, *supra.* Por lo cual, resulta forzoso concluir que el Apelante no interrumpió el término para instar la reclamación sobre honorarios y la demanda está prescrita.

**IV.**

Por los fundamentos expuestos, **confirmamos** la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones